UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID H. JOHNSTON,<br><br>     Plaintiff,<br><br><br>  vs.<br><br>ROBERT DOOLEY, WARDEN, MIKE DURFEE STATE PRISON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND DENNIS KAEMINGK, SECRETARY OF CORRECTIONS FOR THE STATE OF SOUTH DAKOTA, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>     Defendants. | 4:15-CV-04125-LLP<br><br><br><br>ORDER ON MOTION TO CONSOLIDATE AND EXTEND MOTIONS FILING DEADLINE<br><br>DOCKET NO. 29 |
| MICHAEL READD,<br><br>     Plaintiff,<br><br><br>  vs.<br><br>ROBERT DOOLEY, WARDEN MIKE DURFEE STATE PRISON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>     Defendants. | 4:15-CV-04127-LLP<br><br><br><br>ORDER ON MOTION TO CONSOLIDATE AND EXTEND MOTIONS FILING DEADLINE<br><br>DOCKET NO. 43 |

## INTRODUCTION

This matter is before the court on the *pro se* complaints of David H. Johnston and Michael Readd pursuant to 42 U.S.C. § 1983.  Defendants in both of these cases have filed a motion to consolidate both cases into one. Defendants also seek to amend the scheduling order to extend the deadline for filing motions.  Neither Mr. Johnston nor Mr. Readd object to these motions. The district court, the Honorable Lawrence L. Piersol, referred these motions to this magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A).

## BACKGROUND

Both Mr. Johnston and Mr. Readd filed nearly identical complaints with this court on July 16, 2015.  Both complaints name the same defendants. Both complaints complain of conditions at the Mike Durfee State Prison at Springfield, South Dakota.  The complaints of both Mr. Johnston and Mr. Readd relate to the availability of legal resources and other related matters such as access to the Internet.  Both men rely on the same constitutional provisions in support of their nearly-identical claims.

## DISCUSSION

The court has authority to consolidate actions pursuant to Federal Rule of Civil Procedure 42(a), which states:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any and all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

2

" 'The Rule should be prudently employed as a valuable and important tool of judicial administration, involved to expedite trial and eliminate unnecessary repetition and confusion.' " <u>Bendzak v. Midland Nat'l Life Ins. Co.</u>, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting <u>Devlin v. Transp. Commc'ns Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1999)).  The purpose of consolidation is "to avoid unnecessary cost or delay."  <u>Id.</u>  "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party."  <u>E.E.O.C. v. HBE Corp.</u>, 135 F.3d 543, 551 (8th Cir. 1998).  However,

> consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical considerations, as in other contexts of the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together. . . .

Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, <u>Fed. Practice & Procedure</u>, § 2384 (3d ed. 2008) (hereinafter "Wright & Miller).  The district court has broad discretion in determining whether to consolidate cases containing a common question of fact or law.  <u>See</u> <u>Enter. Bank v. Saettele</u>, 21 F.3d 233, 235 (8th Cir. 1994).

"A motion to consolidate may be made as soon as the issues that justify consolidation become apparent. . . ."  Wright & Miller, § 2383.  Rule 42 implies that cases may be joined after the deadline for filing motions has passed as the rule contemplates consolidation of cases only for trial.

Common questions of fact and law exist between the actions, making consolidation appropriate.  Both Mr. Johnston's and Mr. Readd's causes of action arise out the conditions of their confinement at the Mike Durfee State

3

Prison and center around the alleged inadequate legal resources available to inmates at that prison.  Both men are currently inmates at the prison, so whatever conditions exist, they are the same for both.  Both men assert the same claims invoking the same constitutional bases for the claims, although there are minor differences in fact.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that defendants' motion to consolidate in Mr. Johnston's case [Docket No. 29] and defendants' motion to consolidate in Mr. Readd's case [Docket No. 43] are both granted.  It is further

ORDERED that Johnston v. Dooley, Civ. No. 15-4125, as the earlier-filed case, shall be designated as the lead case.  All parties in both cases shall file all future pleadings in the Johnston case.  It is further

ORDERED that the motion to extend the motion filing deadline is denied. The current deadline for filing motions remains November 3, 2016.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a). Failure to file timely objections will result in the waiver of the right to

appeal matters not raised in the objections.  Id.  Objections must be timely and specific in order to require review by the district court.

DATED this 9th day of August, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

5